**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 26-cv-24217-BLOOM/Elfenbein

ROCKEFELLER PHOTOS, LLC,

Plaintiff,

v.

SAL'S FOODS CENTER, INC.,

Defendant.
____________________________/

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Sal's Foods Center, Inc.'s ("Sal's Foods") Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, ECF No. [10] ("Motion to Dismiss"), to which Plaintiff Rockefeller Photos, LLC ("Rockefeller Photos") filed a Response in Opposition, ECF No. [20] ("Response").[1] The Court has reviewed the Motion to Dismiss, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion to Dismiss is granted.

## I. BACKGROUND

The Complaint alleges that Plaintiff is in the business of providing photographs to other businesses in the food and beverage industry. ECF No. [1] ¶ 7. Defendant owns and operates three supermarkets in Wisconsin. *Id.* ¶ 17. In December 2023, Plaintiff discovered that its copyrighted

[1] Defendant did not file a timely Reply to Plaintiff's Response. After the Reply deadline and without moving for leave to file, Defendant filed a Notice of Filing the Affidavit of Michael Sarvello in Support of Defendant's Motion to Dismiss. *See* ECF No. [32]. Plaintiff filed a Motion to Strike, arguing that Defendant's filing of the affidavit was an improper attempt by Defendant to amend the Motion to Dismiss and cure its deficiencies. *See* ECF No. [33]. Defendant responded and moved for leave to supplement its Motion to Dismiss. *See* ECF No. [37]. The Court granted the Motion to Strike, finding that Defendant's affidavit filing was an improper sur-reply. *See* ECF No. [42].

photographs were displayed in Defendant's online marketing materials, such as those posted on its website and Facebook page.[2] *Id.* ¶¶ 18–19, 24. Attached to the Complaint are the certificates of registration for the copyrighted work, consisting of 14 photographs ("Work"). ECF Nos. [1-1], [1-2].

Plaintiff's Complaint asserts one Count of Copyright Infringement, seeking damages for Defendant's alleged violation of the Copyright Act, 17 U.S.C. § 501, and a permanent injunction enjoining Defendant from infringing on Plaintiff's exclusive rights under copyright law. *Id.*

Defendant moves to dismiss the Complaint for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). ECF No. [10]. Defendant argues this Court lacks personal jurisdiction because Defendant is a small Wisconsin grocery store chain that owns and operates three supermarkets, all located in Wisconsin. *Id.* at 2. It is incorporated under the laws of Wisconsin with its principal place of business in Black Creek, Wisconsin. *Id.* It has no offices, employees, property, agents, or operations in the State of Florida. *Id.* In the alternative, Defendant moves to transfer this action to the United States District Court for the Eastern District of Wisconsin pursuant to 28. U.S.C. § 1404(a). *Id.*

Plaintiff responds that this Court has personal jurisdiction over Defendant and points out that Defendant's Motion to Dismiss fails to attach affidavits or other evidence. ECF No. [20] at 3. As such, Defendant's Motion to Dismiss is a facial attack on personal jurisdiction, and Plaintiff argues the Complaint sufficiently alleges personal jurisdiction. *Id.*

[2] In its Complaint, Plaintiff alleges that it and/or its customer, Prepared Food Photos, Inc. ("Prepared Food Photos"), discovered Defendant's unauthorized use and display of the copyrighted photographs. ECF No. [1] ¶ 24.

## II. LEGAL STANDARD

### A. Personal Jurisdiction

Motions to dismiss for lack of personal jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(2). "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (citations omitted). "Once the plaintiff pleads sufficient material facts to form a basis for *in personam* jurisdiction, the burden shifts to the defendant to challenge plaintiff's allegations by affidavits or other pleadings." *Carmouche v. Carnival Corp.*, 36 F. Supp. 3d 1335, 1338 (S.D. Fla. 2014), *aff'd sub nom. Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201 (11th Cir. 2015). Thus, a defendant challenging personal jurisdiction must present evidence to counter the plaintiff's allegations. *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). In addressing whether personal jurisdiction over a nonresident defendant exists, "[t]he district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Madara v. Hall*, 916 F.2d 1510 (11th Cir. 1990) (citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)). Absent affidavits or other pleadings, the challenge to personal jurisdiction is a facial challenge. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). "'Facial attacks' on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." *Id.* at 1529 (internal quotations omitted and alterations adopted).

"A federal district court in Florida may exercise personal jurisdiction over a nonresident defendant to the same extent that a Florida court may, so long as the exercise is consistent with

federal due process requirements." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008). The reach of Florida's long-arm statute "is a question of Florida law." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013). Accordingly, federal courts must apply the statutory constructions offered by the Florida Supreme Court and Florida's District Courts of Appeal. *Id.*

When deciding whether the exercise of personal jurisdiction over a nonresident defendant is proper, a federal district court must conduct a two-part inquiry. *Sculptchair Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). The court must determine: (1) whether the applicable state long-arm statute is satisfied; and (2) whether federal due process requirements are satisfied, meaning that sufficient minimum contacts exist between the defendant and the forum state insofar as the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *Id.*; *see also Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1287 (S.D. Fla. 2014) (citation omitted)). "Both parts [of the inquiry] must be satisfied for a court to exercise personal jurisdiction over a non-resident." *Am. Fin. Trading Corp. v. Bauer*, 828 So. 2d 1071, 1074 (Fla. 4th DCA 2002).

**B. Venue**

When a defendant objects to venue under Rule 12(b)(3), the plaintiff bears the burden of showing that the venue selected is proper. *See Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988) (explaining that the plaintiff must make "only a *prima facie* showing of venue"); *see also BP Prods. N. Am., Inc. v. Super Stop 79, Inc.*, 464 F. Supp. 2d 1253, 1256 (S.D. Fla. 2006). "The facts as alleged in the complaint are taken as true, to the extent they are uncontroverted by defendants' affidavits." *Delong Equip. Co.*, 840 F.2d at 845. The court may also consider facts outside the complaint to determine whether venue is proper. *See Wai v. Rainbow*

*Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). In examining the record, the court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. *Id.*

Generally, venue in federal civil actions is governed by 28 U.S.C. § 1391. "Pursuant to § 1391(b), venue is proper in: (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *TMJ Practice Mgmt. Assocs., Inc. v. Curran*, No. 16-81903-CIV, 2017 WL 3130421, at *3 (S.D. Fla. July 24, 2017). "The proper venue for copyright infringement suits is determined by the specific venue provision of the Copyright Act, 28 U.S.C. § 1400(a), not the general provision governing suits in federal district courts." *Liberty Media Holdings, LLC v. Wintice Group, Inc.*, No. 6:10-cv-44-Orl-196JK, 2010 WL 2367227, at *3 (M.D. Fla. June 14, 2010) (citing *Lumiere v. Mae Edna Wilder, Inc.*, 261 U.S. 174, 176 (1923)). "Section 1400(a) provides that '[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found.'" *Id.* (quoting 28 U.S.C. § 1400(a)).

If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "[A]cknowledging that venue may be proper in two or more districts, the Eleventh Circuit has stated that 'only the events that directly give rise to a claim are relevant' and that 'of the places where the events have taken place, only those locations hosting a "substantial part" of the events are to be considered.'" *TMJ Practice Mgmt. Assocs., Inc.*, 2017 WL 3130421, at *3

(footnote omitted) (quoting *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003)). "[O]nly those acts and omissions that have a close nexus to the wrong" are relevant in the venue analysis. *Jenkins Brick Co.*, 321 F.3d at 1372. In conducting this analysis, "the proper focus of the venue inquiry is on the relevant activities of the Defendants." *Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc.*, 669 F. Supp. 2d 1353, 1357 (S.D. Fla. 2009); *see also TMJ Practice Mgmt. Assocs., Inc.*, 2017 WL 3130421, at *3 n.2 ("[I]n accordance with Eleventh Circuit precedent, the Court must focus its venue analysis not on all aspects of the relationships between the parties, but on the location of the acts and omissions giving rise to the claims asserted, those actions with a close nexus to the wrong.").

## III. DISCUSSION

### A. Personal Jurisdiction

In its Motion to Dismiss, Defendant argues the Complaint fails to adequately allege facts supporting the exercise of personal jurisdiction over Defendant. *See* ECF No. [10]. In particular, Defendant contends that Plaintiff has failed to demonstrate Florida's long-arm statute is satisfied, Defendant purposefully availed itself of the forum state, and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Id.* at 4–9.

Plaintiff responds that Defendant's alleged copyright infringement constitutes a tortious act covered under § 48.193(1)(a)(2) of Florida's long-arm statute, and this Court's exercise of personal jurisdiction over Defendant would not violate Defendant's due process rights. ECF No. [20] at 5–7.

With respect to personal jurisdiction, the Complaint alleges:

> 1. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Miami-Dade County, Florida.

> 2. Defendant is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business located at 504 South Main Street, Black Creek, WI 54106. Defendant's agent for service of process is Michael Sarvello, 540 West Crossing Meadows Lane, Appleton, WI 54913.
>
> . . .
>
> 17. Defendant owns and operates three supermarkets in Wisconsin.
>
> 18. Defendant advertises/markets its business through its website (https://www.salsfoodcenter.com/), social media (e.g, https://www.facebook.com/salswausaukee/), and other forms of advertising.
>
> 19. On multiple dates (after the above-referenced copyright registration of the Work), Defendant displayed and/or published the Work on Defendant's website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing Defendant's business.
>
> . . .
>
> 22. Defendant utilized the Work for commercial use.
>
> 23. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.
>
> 24. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff and/or its above-named customer [Prepared Food Photos] first discovered Defendant's unauthorized use/display of the Work in December 2023. Following such discovery, Plaintiff and/or its above-named customer notified Defendant in writing of such unauthorized use.

ECF No. [1] ¶¶ 1–2, 17–19, 22–24. To determine whether these allegations state a *prima facie* case of jurisdiction over Defendant, the Court first turns to whether Florida's long-arm statute is satisfied.

**1. Florida's Long-Arm Statute**

Plaintiff relies upon Florida Statute § 48.193(1)(a)(2), which states in relevant part that:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself … to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:

. . .

2. Committing a tortious act within this state[.]

Fla. Stat. § 48.193(1)(a)(2). Defendant does not dispute that copyright infringement, generally, constitutes a tortious act. *See* ECF No. [10] at 4–6. However, Defendant argues that its allegedly infringing acts do not constitute tortious acts committed *within* the state of Florida such that § 48.193(1)(a)(2) does not apply. *Id.* Plaintiff responds that the Complaint establishes personal jurisdiction because Plaintiff and/or Prepared Food Photos accessed the infringing materials from Florida and felt the effects of such infringement in Florida. ECF No. [20] at 6.

The Eleventh Circuit has established that § 48.193(1)(a)(2) confers specific jurisdiction "over [a] nonresident defendant who commits a tort outside of the state [of Florida] that causes injury inside the state [of Florida]." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008) (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1216 (11th Cir. 1999)). There is no binding case in this Circuit that addresses where injury arising from copyright infringement occurs. However, the Florida Supreme Court has opined on the location of injury as to tortious acts over the Internet. Specifically, the Florida Supreme Court held that the long-arm statute is satisfied "when the nonresident [defendant] makes allegedly defamatory statements about a Florida resident by posting those statements on a website, provided that the website posts . . . are accessible in Florida *and* accessed in Florida." *Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201, 1216 (Fla. 2010) (emphasis added). Since this Court is bound by the Florida Supreme Court with respect to the long-arm statute, the Court is guided by the principles articulated in *Internet Solutions*.[3]

Indeed, Florida district courts have found that "a person who infringes on a copyright

[3] Here, Plaintiff does not allege that Defendant's infringing materials were accessible and accessed in Florida. However, Defendant does not dispute that the allegedly infringing materials may have been accessible in Florida. *See* ECF No. [10] at 5, 7.

owned by a Florida resident causes injury in Florida." *Roberts v. Gordy*, No. 13-24700-CIV, 2015 WL 11202324, at *3-4 (S.D. Fla. Apr. 3, 2015) (concluding that the infringing website was both accessible and actually accessed by the plaintiffs, and others, in Florida). For example, in *Gainesville Coins, LLC v. VCG Ventures, Inc.*, No. 8:13-CV-1402-T-30MAP, 2013 WL 4596968 (M.D. Fla. Aug. 28, 2013), the defendant, who had no office, agent, phone number, or customers in Florida, was nonetheless subject to personal jurisdiction under Florida's long-arm statute. *Id.* at *1. The court found that the alleged copyright infringement occurred in Florida because the defendant's website was accessible in Florida and had been accessed by the plaintiff, a Florida company. *Id.* at *3.

Furthermore, Florida district courts have generally recognized that "[c]opyright infringement is a tortious act . . . and a person who infringes upon a copyright whose owner resides in Florida causes injury inside the state." *Roof & Rack Prods. v. GYB Investors, LLC*, No. 13-80575-CV, 2014 WL 3116413, at *2 (S.D. Fla. July 8, 2014); *see also AppSoft Dev., Inc. v. Diers, Inc.*, No. 3:13-CV-1520-J-32JBT, 2014 WL 3893316, at *2 (M.D. Fla. Aug. 8, 2014) ("In copyright infringement cases, the situs of injury is generally the state where the copyright owner resides."); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 8:12-CV-755-T-26TBM, 2012 WL 2952452, at *5 (M.D. Fla. July 19, 2012) ("The situs of the injury in copyright infringement for purposes of personal jurisdiction, has generally been held to be the state where the copyright owner resides.").

Here, Plaintiff alleges that its principal place of business is Miami-Dade County, Florida. ECF No. [1] ¶ 1. The situs of the injury then is Florida by virtue of Plaintiff's alleged copyright ownership and the location of its principal place of business. *See Roberts v. Gordy*, 2015 WL 11202324, at *3; *AppSoft Dev.*, 2014 WL 3893316, at *2; *Yellow Pages Photos*, 2012 WL 2952452, at *5; *Roof & Rack Prods.*, 2014 WL 3116413, at *2. Therefore, the Court determines that

Defendant's online activity constitutes a tortious act committed within the state of Florida, invoking the reach of Florida's long-arm statute.

**2. Due Process Requirements**

Where Florida's long-arm statute is satisfied, the Court now turns to whether federal due process requirements are satisfied. To determine whether the exercise of personal jurisdiction comports with due process in specific jurisdiction cases, the Court must examine: "(1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Louis Vuitton*, 736 F.3d at 1355 (internal quotations omitted). If the plaintiff establishes the first two prongs, the burden shifts to the defendant to "make a 'compelling case' that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Id.* (quoting *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010).

*i. Arise Out of or Relate To*

Defendant argues that Plaintiff's claims do not arise out of or relate to Defendant's contacts with the forum because there is no nexus between Defendant's conduct and Florida. ECF No. [10] at 7. Plaintiff does not address the due process requirements in its Response. *See* ECF No. [20]. Because Plaintiff does not directly respond to Defendant's arguments, the Court determines whether the facts alleged in the Complaint establish the first prong of the due process analysis.

"Due process limits the jurisdiction of United States courts to suits that arise out of or relate to [the defendant's] contacts with the forum." *Jekyll Island-State Park Auth. v. Polygroup Macau*

*Ltd.*, 140 F.4th 1304, 1316–17 (11th Cir. 2025) (citing *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017)) (quotation marks omitted and alterations adopted). The relationship must arise out of contacts that the defendant itself creates with the forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 275 (1985)). "A relationship among the defendant, the forum, and the litigation is the essential foundation of *in personum* [sic] jurisdiction . . . ." *Louis Vuitton*, 736 F.3d at 1356 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984)). That is, the "plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285. Moreover, courts have found that mere injury to a forum resident is not a sufficient connection to the forum. *See e.g.*, *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*, 722 F. App'x 870, 880 (11th Cir. 2018). Additionally, the fact that an advertisement is viewable in the forum state "does not, by itself, mean that the website owner had any contact with [the forum state]." *Henriquez v. El Pais Q'Hubocali.com*, 500 F. App'x 824, 829 (11th Cir. 2012); *see also Karnas v. Cuban*, No. 22-cv-22538, 2025 WL 3759241 at *11 (S.D. Fla. Dec. 30, 2025) (finding that a nationwide campaign, as the sole jurisdictional hook, was not sufficient to establish personal jurisdiction).

Plaintiff alleges that Defendant used and displayed copyrighted photographs in its advertising and marketing materials, including those posted on Defendant's website and Facebook page. ECF No. [1] ¶¶ 18-19. Plaintiff also alleges that it or its customer Prepared Food Photos discovered the alleged copyright infringement. *Id.* ¶ 24. The Complaint does not allege that Defendant's Facebook page, website, or other advertising and marketing materials are accessible in Florida or that Plaintiff or Prepared Food Photos accessed the materials in Florida. Taking all inferences in Plaintiff's favor, the Court may, for the purposes of the Motion to Dismiss, infer that Defendant's advertising and marketing materials were indeed accessible and viewable in Florida.

Even so, the Complaint does not allege any contacts that Defendant may have with Florida aside from Plaintiff's alleged injury and Defendant's infringing materials, which are presumably accessible in Florida.

Yet, the accessibility of the advertising materials cannot be the sole jurisdictional hook. *Karnas*, 2025 WL 3759241, at *11; *see also Henriquez*, 500 F. App'x at 829. And Plaintiff cannot be the only link between Defendant and the forum. *See Walden v. Fiore*, 571 U.S. at 284. Because neither the accessibility of Defendant's online advertising materials nor Defendant's tortious act is a sufficient connection to the forum, the Court finds that Plaintiff's allegations do not establish that the cause of action arises out of or relates to Defendant's contacts with Florida.

*ii. Purposeful Availment*

Even if Plaintiff's claim arises out of or relates to Defendant's contacts with Florida, Plaintiff has not established that Defendant has purposefully availed itself of the forum state. Defendant argues that the fact that its website may be accessible in Florida does not constitute purposeful availment and Plaintiff's allegations fail under the "effects" test. ECF No. [10] at 6-8. Because Plaintiff does not directly respond to Defendant's due process arguments, *see* ECF No. [20], the Court determines whether the facts alleged in the Complaint establish the second prong of the due process analysis. The Court agrees with Defendant that the accessibility of Defendant's allegedly infringing materials does not constitute purposeful availment, and Plaintiff's allegations fail under both the "minimum contacts" test and the "effects" test.

"A court may exercise specific personal jurisdiction over nonresident defendants who purposefully direct their activities toward forum residents or purposefully derive benefit from their in-forum activities." *Jekyll Island-State Park*, 140 F.4th at 1317 (quoting *Burger King*, 471 U.S. at 473) (quotation marks omitted). "When (but only when) a company exercises the privilege of

conducting activities within a state—thus enjoying the benefits and protection of its laws—the State may hold the company to account for related misconduct." *Id.* (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 360 (2021)) (internal quotation marks omitted and alterations adopted).

There are two applicable tests to determine whether a defendant has "purposefully availed" itself to the forum state: the "minimum contacts" test and the "effects" test. *Louis Vuitton*, 736 F.3d at 1356. This Circuit has "applied the traditional minimum contacts test for purposeful availment analysis in lieu of, or in addition to, the 'effects test' in cases involving trademark-related intentional torts." *Id.* at 1357. The Court will apply both tests in determining whether Sal's Foods has purposefully availed itself of the forum state.

*a. Minimum Contacts Test*

Under the minimum contacts test, a court looks at "the nonresident defendant's contacts with the forum state and ask whether those contacts: (1) are related to the plaintiff's cause of action; (2) involve some act by which the defendant purposefully availed himself of the privileges of doing business within the forum; and (3) are such that the defendant should reasonably anticipate being haled into court in the forum." *Louis Vuitton*, 736 F.3d at 1357. Courts look "to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). "[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 286. That is, "the plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285.

As discussed above, the Complaint does not establish any contacts that Defendant may have with Florida aside from Defendant's infringing materials, which are presumably accessible

in Florida, and Plaintiff's alleged injury. Yet, "the mere operation of an interactive website" does not alone give rise to "purposeful availment anywhere the website can be accessed." *Louis Vuitton*, 736 F.3d at 1357; *see also Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 400–01 (4th Cir. 2023). And Plaintiff cannot be the only link between Defendant and the forum. *See Walden*, 571 U.S. at 286. Since neither Defendant's online activity nor its tortious act is a sufficient basis for personal jurisdiction, the Complaint fails to allege that Defendant purposefully availed itself of the forum under the minimum contacts test.

*b. Effects Test*

Under the effects test, courts have found that a nonresident defendant's single tortious act establishes purposeful availment, even if a defendant does not have any additional contacts with the forum state, only when the tort was: "(1) intentional; (2) aimed at the forum state; and (3) caused harm that the defendant should have anticipated would be suffered in the forum state." *Licciardello*, 544 F.3d at 1285 (citing *Calder v. Jones*, 465 U.S. 783, 790 (1984)).

Here, the Complaint lacks any allegation that Defendant directed its business activities in Florida and thus fails to demonstrate that Defendant's activities were aimed at the forum state. *See, e.g.*, *Trustees of Columbia Univ. In City of New York v. Ocean World, S.A.*, 12 So. 3d 788, 795 (Fla. 4th DCA 2009) ("The mere existence of a website does not show that a defendant is directing its business activities towards every forum where the website is visible."); *see also Licciardello*, 544 F.3d at 1287 ("[T]he mere posting of an infringing trademark on a website 'without more' might not be sufficient to demonstrate that the defendant purposefully aimed his activity toward the forum state."); *Louis Vuitton*, 736 F.3d at 1357 (noting mere availability of a website in the district does not confer personal jurisdiction). The Court therefore finds that Defendant did not purposefully direct its activities toward Florida residents or purposefully derive benefit from its

activities in Florida. *See Jekyll*, 140 F.4th at 1317. Because Plaintiff has not alleged that Defendant's tort was aimed at the forum state, the effects test is not satisfied.

Where neither the minimum contacts nor the effects test is satisfied, Plaintiff has not established that Defendant has purposefully availed itself of the privilege of conducting activities within the forum state.

*iii. Fair Play and Substantial Justice*

Defendant argues that even if minimum contacts exist, the Court should decline to exercise jurisdiction because doing so would offend traditional notions of fair play and substantial justice. ECF No. [10] at 8–9. Notwithstanding Defendant's arguments, the Court need not address whether exercising personal jurisdiction over Defendant comports with traditional notions of fair play and substantial justice because Plaintiff has not established the first two prongs of the due process analysis. *See Louis Vuitton*, 736 F.3d at 1355; *Diamond Crystal Brands*, 593 F.3d at 1267.

Where Plaintiff has not alleged facts sufficient to show that exercising personal jurisdiction over Defendant comports with due process, the Complaint has not established a *prima facie* case that personal jurisdiction is proper. Accordingly, Defendant's Motion to Dismiss for lack of personal jurisdiction is granted.

**B. Venue and Transfer**

Defendant argues that if this Court determines that it has personal jurisdiction over Defendant, this action should be transferred to the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. § 1404(a).[4] ECF No. [10] at 10. Plaintiff responds that Wisconsin is not an appropriate venue and opposes transfer. ECF No. [20] at 7–10. However,

---

[4] 28 U.S.C. §1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

if the Court finds that personal jurisdiction is lacking, Plaintiff asks the Court to "transfer this action to another court rather than dismiss outright." *Id.* at 10 n.15.

Having concluded that the Court lacks personal jurisdiction over Defendant, the remaining question is whether the Court should dismiss this case or transfer venue. Under 28 U.S.C. § 1406(a), when venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "[E]ven if the Court lacks personal jurisdiction, it may correct venue and jurisdictional defects through the transfer of venue." *Thomas v. Strange Eng'g, Inc.*, No. CV 111-074, 2012 WL 993244, at *7 (S.D. Ga. Mar. 22, 2012) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962)). However, since Defendant moved for transfer in the alternative, Plaintiff argues Wisconsin is not an appropriate venue, and Plaintiff does not offer that any venue other than Florida is appropriate, the Court does not find that transferring to another venue is in the interest of justice. Therefore, the Court dismisses the case.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [10]**, is **GRANTED**.
2. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1221 (11th Cir. 1999).
3. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.
4. The Clerk of Court is directed to **CLOSE** this case.[5]

[5] Plaintiff did not request leave to amend. *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 10, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record